THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v THOMAS SIMMONS, Respondent.

First Department, October 22, 1981

### APPEARANCES OF COUNSEL

*Jane Sachs* of counsel *(Allen Alpert* with her on the brief; *Robert M. Morgenthau, District Attorney,* attorney), for appellant.

*William J. Unroch* for respondent.

### OPINION OF THE COURT

SILVERMAN, J.

The People appeal from the order of the Supreme Court granting defendant's motion to suppress certain physical evidence (a pistol and ammunition).

At approximately 4:45 A.M. on December 11, 1979, police officers in a radio car noticed a Cadillac run through a red light at 116th Street and Lenox Avenue, in the Borough of Manhattan, City of New York. They turned on the patrol car's dome lights to signal the Cadillac to stop. One of the officers, Officer LeGrady, saw the front passenger turn in the officer's direction once or twice, bend far forward from the torso to an angle of almost 90 degrees and then sit up again, after which the Cadillac stopped. As Officer Le-Grady walked toward the Cadillac, he met the driver of the Cadillac who was walking toward him. The officer in-

formed the driver that he had passed a red light and asked the driver to produce his driver's license and registration. The driver produced his driver's license; and while the driver was searching through his wallet for his car registration, Officer LeGrady, not wanting to stay too long with the driver, told him to get his papers together and that he would be right back. The officer then walked around the Cadillac to the passenger's side. There were street lights in the vicinity of the cars and the lights from the patrol car were shining into the Cadillac. The officer shined his flashlight through the windshield at approximately the point where the defendant passenger had bent down. He there saw the handle of a pistol protruding from under the seat between the defendant's legs. He ordered the defendant passenger out, reached in and took the gun, which was loaded, and arrested the defendant and took him back to the precinct in the back seat of the patrol car. Thereafter, the officer found 11 rounds of ammunition in the back of the patrol car where the defendant had been seated.

"The touchstone of our analysis under the Fourth Amendment is always 'the reasonableness in all the circumstances of the particular governmental invasion of a citizen's personal security.' *Terry* v. *Ohio,* 392 U.S. 1, 19 (1968)." *(Pennsylvania v Mimms,* 434 US 106, 108-109.) The "single issue" is "whether the action of the police officer was reasonable". *(People v Prochilo,* 41 NY2d 759, 761.) In our view, in all the circumstances, including particularly the defendant's peculiar and suspicious action of bending forward when the police officer approached the car, the hour of night, and the neighborhood, the actions of the officer in shining his flashlight and looking into the car were entirely reasonable. If this was an intrusion, it was so minimal as not to be disproportionate to the situation. (Cf. *People v Miller,* 52 AD2d 425, affd on opn below 43 NY2d 789.) Accordingly, the motion to suppress the pistol should have been denied. As the arrest was lawful, the seizure of the ammunition found in the police car was also lawful and that evidence should not have been suppressed. In this view, it is unnecessary for us to consider whether the defendant, who claimed that neither the car nor the gun

belonged to him, has any standing to move to suppress the evidence.

The order of the Supreme Court, New York County (LEVY, J.), entered May 12, 1980 granting defendant's motion to suppress physical evidence should be reversed, on the law and the facts, and the motion to suppress physical evidence should be denied.

MURPHY, P. J., CARRO and MARKEWICH, JJ., concur.

Order, Supreme Court, New York County, entered on May 12, 1980, unanimously reversed, on the law and the facts, and the motion to suppress physical evidence is denied.