# (May 20, 1982)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL CLEMENTS, Respondent. — Order, Supreme Court, New York County (Galligan, J.), entered August 8, 1980 granting motion for suppression of a pistol, and order, Supreme Court, New York County (Haft, J.), entered January 7, 1981 dimissing indictment for criminal possession of a weapon in the third degree (Penal Law, § 265.02), are both reversed, on the law and the facts; the motion to suppress the pistol is denied, the indictment is reinstated; and the action is remanded to Trial Term for further proceedings. These appeals, held in abeyance pursuant to order of this court of November 17, 1981 (84 AD2d 707) pending further findings of fact, are now ripe for decision. At about 2:00 A.M. at 8th Avenue and 116th Street in the Harlem section of the Borough of Manhattan, City of New York, two police officers on patrol in a radio car saw a car, driven by defendant, make a left turn without signaling. Because of this traffic violation the officers signaled the car to stop which it did at 117th Street and 8th Avenue. One of the officers went up to the car and asked the defendant for his driver's license and registration. The defendant produced a valid registration but was only able to produce an expired driver's license. Defendant appeared very nervous and fidgety — turning in his seat, fumbling with

the wallet, etc. The officer asked the defendant to get out of the car and asked the defendant whether he had a valid driver's license. Defendant looked through his wallet, and while he did so, he kept turning the right side of his body away from the officer. As defendant did so, the officer saw that a pocket of defendant's jacket on that side "was weighted there, tending to lean towards the ground." The officer was concerned for his safety. He reached over and touched the outside of the coat and felt a heavy metal object which he believed to be a gun. He reached into the pocket and removed a loaded pistol. The hearing Judge said: "I have no problem with the officer being concerned for his safety at two A. M. in the morning, perhaps in an area which he was familiar". He further said: "The hour was late and it was dark (People v. DeBour, *supra* at p 220), and the courts have recognized the dangers inherent in an auto stop situation (Pennsylvania v. Mimms, 434 US 106, 110-111; US v. Robinson, 414 US 218, 234; Adams v. Williams, 407 US 143, 148)." Nor do we see any reason to doubt that the officer was concerned for his safety after an auto stop at 2 o'clock in the morning in an area of the city not noted for its safety, confronting a man turning his body away from him and having in his pocket a heavy object. The officer did not at once put his hand inside the pocket, he merely touched the outside and there felt what he believed to be a gun. It was only after that that he reached inside the pocket and took out the gun. The touching of the pocket appears to us to be a minimal intrusion certainly justified by the "touchstone" of Fourth Amendment analysis, i.e., " 'the reasonableness in all the circumstances of the particular governmental invasion of a citizen's personal security.' *Terry* v. *Ohio,* 392 U. S. 1, 19 (1968)" (*Pennsylvania v Mimms,* 434 US 106, 108, 109). "[T]he predicate for the police action * * * justified the extent of the official intrusion on the individual", "the intensity of the police action" — here touching the pocket. (*People v Stewart,* 41 NY2d 65, 66.) An officer should be allowed to secure his own safety "without requiring him in haste and under pressure to make close calculations about danger to himself or the vulnerability of evidence." (Cf. *Robbins v California,* 453 US 420, 431 [Powell, J., concurring].) The officer was understandably concerned about his own safety. To say that in these circumstances the officer should not have taken the minimal protection for his safety that he did seems to us to smack too much of vicarious bravery. "The single issue presented — whether the action of the police officer was reasonable — 'must necessarily turn on the facts in each individual case'." (*People v Prochilo,* 41 NY2d 759, 761.) Thus comparison of slightly different facts in a different case will normally not be very helpful. However, we do note that emphasis was placed both by defendant in his brief and by the hearing court on the decision of the Court of Appeals reported under *People v Prochilo* (*supra*), particularly, *People v Bernard,* one of the three cases thus reported. In that case, two officers on routine motor patrol in Harlem were approached by a pimp and defendant. As one of the officers was conversing with the pimp, defendant was standing behind the latter. The officer detected a nervous uneasiness in defendant's manner and observed that he was standing with his hands in the pockets of his long outer coat, slouched forward from the waist at a 45-degree angle. When the officer told defendant to remove his hands from his pockets defendant did so very slowly. The officer saw a heavy object slide against the material in the right pocket. The officer then got out of the car, tapped defendant's right pocket, and on feeling a hard object reached into the pocket and removed a revolver. The Court of Appeals said (*supra,* at p 763): "Were there no more we might conclude that the revolver should not have been suppressed." The court then pointed out certain other circumstances which led the court to suppress the evidence. In particular, the court said (p 763): "Nor is there anywhere in his testimony any

suggestion that at any time he was apprehensive for his own safety." In the present case, we have the officer's explicit statement, accepted by the hearing court, that he was concerned for his safety. Further, while the report in the *Bernard* case does not state what time of day the incident took place, in the present case it took place at 2 o'clock in the morning. In our view the officers' actions were reasonable and did not constitute a violation of defendant's right to be secure against unreasonable searches and seizures. Accordingly, the motion to suppress should have been denied, and the indictment dismissed because of the granting of the suppression motion should be reinstated. Concur — Sandler, Markewich and Silverman, JJ.

Murphy, P. J., and Carro, J., dissent in a memorandum by Carro, J., as follows: I dissent for the reasons stated by the hearing Judge after remand. The defendant was out of the car in full view of the officer. His hands were fully exposed and were occupied in fumbling through his wallet for his identification. His "weighted" pocket did not show the form or outline of a weapon. There was no "proof of a describable object or of describable conduct that provides a reasonable basis for the police officer's belief that the defendant had a gun in his possession" (*People v Prochilo*, 41 NY2d 759, 761). We are concerned with the safety of the officer, and we are concerned with the right of privacy and personal security of the individual. It is not always easy to reconcile the two. We must balance the individual's interest to be unfettered by official interference, with society's interest in stopping crime without subjecting the policeman to inordinate physical danger (*Terry v Ohio*, 392 US 1, 21-22; *People v Stewart*, 41 NY2d 65, 69-70). Before permitting the interference, it must be shown that the objective facts support the subjective concern for safety. "The police officer is not entitled to seize and search every person whom he sees on the street or of whom he makes inquiries. Before he places a hand on the person of a citizen in search of anything, he must have constitutionally adequate, reasonable grounds for doing so. In the case of the self-protective search for weapons, he must be able to point to particular facts from which he reasonably inferred that the individual was armed and dangerous" (*Sibron v New York*, 392 US 40, 64). The order of Supreme Court, New York County (Galligan, J.), granting the motion to suppress the weapon, and the judgment of said court (Haft, J.) dismissing the indictment, should be affirmed, on the law.