OPINION OF THE COURT
Meyer, J.
When the police have probable cause to arrest a defendant with respect to three forged prescriptions presented to a pharmacy by him and in the course of questioning immediately following arrest he admits that his car is parked alongside the pharmacy and contains additional forged prescriptions as well as illegally obtained drugs, *444 search of the vehicle by the police without a warrant is permissible. The order of the Appellate Division should, therefore, be affirmed.
At about 8 p.m. on May 4, 1978, detectives from the Narcotics Squad of the Nassau County Police Department entered the Pathmark Pharmacy in East Rockaway, New York, and asked to see the record of controlled substances dispensed (see Public Health Law, § 3343, subd 2). Inquiry of the pharmacist trainee who gave them the book with respect to a tuinal prescription filled for Charles Bandel brought forth from her the information that a man had just left three prescriptions to be filled for Charles Bandel, and a description of the man. Those three prescriptions were on forms bearing the name of Dr. Leon Oxman and what purported to be Dr. Oxman’s signature. A telephone call to Dr. Oxman revealed, however, that he had neither prescribed drugs for nor had a patient named Charles Bandel and that some of his pads of prescription blanks were missing.
Twenty minutes later defendant entered the pharmacy and was identified to one of the detectives by signal from the pharmacist trainee. Asked by the detective whether he had brought in the three Bandel prescriptions, defendant acknowledged that he had and was immediately placed under arrest. After being advised of and, as both courts below found, having waived his constitutional rights, defendant was questioned, first inside the pharmacy and then while seated in the detectives’ car, a process which took altogether about 15 minutes. During the questioning defendant admitted that his name was Joseph Orlando and that there were other prescriptions as well as drugs obtained from other pharmacies in his car, which was parked in the parking lot alongside of the pharmacy. The detectives then took the keys to the car from defendant’s pocket (he was handcuffed), searched the passenger compartment and seized six paper bags containing barbituates and an attaché case containing 33 forged prescriptions.
In a 37-count indictment, defendant was charged in 36 counts with possession of a forged instrument (the first three covering the Pathmark prescriptions and the remaining 33 covering the prescriptions recovered from the *445 attaché case) and in the last count with illegal possession of the drugs in the six paper bags recovered from the car. Defendant moved to suppress the statements made after his arrest as well as all of the prescriptions and all of the drugs. After a hearing, the 33 prescriptions found in the attaché case were suppressed, but the motion was otherwise denied. Defendant then pleaded guilty to the three counts based upon the Pathmark prescriptions in satisfaction of the entire indictment and was sentenced accordingly. The Appellate Division affirmed, without opinion.
On defendant’s appeal to our court, he makes no argument that the Pathmark prescriptions, in which the suppression court found he had no possessory interest, are suppressible. Moreover, there being affirmed findings of fact that defendant’s statements were made after knowing and voluntary waiver of his constitutional rights, we perceive no basis upon which to disturb that ruling. The only question requiring discussion then is the admissibility of the drugs involved in the last count, seized during search of defendant’s parked car.
To be emphasized is the fact that the vehicle was parked in a public place; its location did not necessitate a warrant as might be the case had it been parked in a nonpublic place (cf. Coolidge v New Hampshire, 403 US 443). Moreover, the drugs in question were in paper bags within the passenger compartment and thus within the area of search permissible under the rulings of the Supreme Court in United States v Ross (456 US_, 50 USLW 4580), and of this court in People v Belton (55 NY2d 49). What distinguishes the present case from Ross and Belton, however, is that they involved moving vehicles stopped by the police and that, therefore, there is less of a basis in the present case for an exigency contention in support of the search.
The distinction notwithstanding, the search of defendant’s vehicle was justified because the detectives had probable cause on the basis of what they had been told by the pharmacist trainee, by Dr. Oxman and by defendant himself to believe not only that defendant had possessed the forged instruments presented to Pathmark but also that additional contraband (in the form of forged prescrip *446 tions and drugs illegally obtained through use of other such prescriptions) would be found in the car.
The Supreme Court has upheld the warrantless search of a stopped vehicle when there is probable cause to believe that contraband or evidence of a crime will be found in the vehicle (Colorado u Bannister, 449 US 1; Carroll v United States, 267 US 132), even though all of the occupants of the vehicle have been arrested before the search is made (Chambers v Maroney, 399 US 42). It has also made clear that it is not of constitutional significance whether the vehicle is searched where it was stopped or impounded and searched after removal to the station house (Texas v White, 423 US 67, 68; Cardwell v Lewis, 417 US 583, 594; Chambers v Maroney, supra, at p 52) or that it would have been reasonable to post a police guard at the vehicle until a warrant could be obtained (Chambers v Maroney, supra; Cardwell v Lewis, supra). And as recently as a month ago, that court has re-examined those cases in United States v Ross (456 US _, _, n 9; 50 USLW 4580, 4583, n 9, supra) and concluded that “if an individual gives the police probable cause to believe a vehicle is transporting contraband, he loses the right to proceed on his way without official interference” (id.), a result which it noted was based upon “the practicalities of the situations presented and a realistic appraisal of the relatively minor protection that a contrary rule would provide for privacy interests” (id.).
The same considerations sustain the search in the instant case of defendant’s parked vehicle, bearing in mind the proximity of the vehicle to the point of arrest and the closeness of the search to the time of arrest and the probable cause which, as already noted, the detectives had for conducting the search. The result reached is consistent with our holdings in People v Middleton (54 NY2d 474, 482-483); People v Milerson (51 NY2d 919, 921); People v Clark (45 NY2d 432, 439), and People v Singleteary (35 NY2d 528, 533). A contrary result cannot be justified simply because the vehicle in one case is parked and in the other had been moving until stopped. The same realistic evaluation of the privacy interests involved and practicalities of police investigation sustain the seizure of the drugs involved in the present case, in view of the closeness in *447 time and space between the arrest and the search and seizure. The extent to which differences in time, place or circumstances may call for the application of a contrary rule we are not now called upon to decide.
Accordingly, the order appealed from should be affirmed. Chief Judge Cooke and Judges Jasen, Jones, Wachtler and Fuchsberg concur with Judge Meyer; Judge Gabrielli concurs in result only.
Order affirmed.