■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JUAN CABRAL, Respondent. — Orders, Supreme Court, Bronx County (Di Fede, J.), respectively entered March 4, 1982 granting motion to suppress physical evidence, and dated March 17, 1982 granting motion to dismiss count one of the indictment are both reversed, on the law and the facts, the motion to suppress the gun and ammunition and the motion to dismiss count one of the indictment are denied, and count one of the indictment is reinstated. At about 6:00 P.M. on May 19, 1981 a woman rushed into a police station screaming "[h]e's got a gun * * * he's going to shoot me," and pointed to the defendant who had followed or pursued her into the police station. A police officer frisked the defendant and did not find a gun. Thereupon the woman said that if the defendant doesn't have the gun on him, there is one in the car, saying that she had seen it. The officer searched the defendant and found $5,992 in United States currency on him and a live round from a .25 calibre automatic. The officer arrested the defendant for menacing. In the meantime the woman told another police officer in the station that she had been living with the defendant; that earlier that day she had left him; that thereafter while she was in a truck with another male and female, the defendant in his Mercedes drove alongside the truck and pointed a gun at them. The woman accompanied one of the officers to the station house vestibule where she pointed out defendant's Mercedes car parked (somewhat illegally) directly across from the station house. The officer went over to the car and found the doors locked. He instructed another officer to try to get into the locked car, which the other officer ultimately did by using a wire hanger. Meanwhile another officer asked the defendant where the keys to the Mercedes were and the defendant said that he had thrown them away. The car having been opened by the use of the wire hanger, the police searched the car for a gun and found underneath the rubber mat under the driver's seat a .25 calibre automatic pistol and next to it a fully loaded magazine which fit into that gun. The whole incident took less than an hour. (There were also some discussions not material to the present appeal, as a result of which defendant was arrested and ultimately indicted for bribery.) In our view, the search of the car and the recovery and seizure of the pistol and ammunition were legal and were not unreasonable. Accordingly, the gun and ammunition should not have been suppressed and the count relating to possession of the gun and ammunition should not have been dismissed. "The touchstone of our analysis under the Fourth Amendment is always 'the reasonableness in all the circumstances of the particular governmental invasion of a citizen's personal security.' Terry v. Ohio, 392 U. S. 1, 19 (1968)." (Pennsylvania v Mimms, 434

US 106, 108-109.) The "single issue" is "whether the action of the police officer was reasonable". (*People v Prochilo*, 41 NY2d 759, 761; see *People v Simmons*, 83 AD2d 79, 80; *People v Clements*, 88 AD2d 541, 541-542; *People v Clee*, 89 AD2d 188.) The actions of the police officers were reasonable. The woman in the police station directly accused the defendant of menacing her with a gun and of having possession of a gun and stated that she had seen it. There was every reason to believe that there at hand in the car on the public highway a few feet from the police station was contraband, a gun, related to the crimes of which defendant was accused, namely, menacing with a gun, and possession of a gun. The police officer's beliefs were reinforced by defendant's bizarre story that he had thrown away keys to an expensive car. The car was perhaps available to someone associated with defendant (later defendant's brother arrived at the police station). While the question of reasonableness ultimately depends on the facts of each particular case, *People v Orlando* (56 NY2d 441), presents a very close factual situation in which the Court of Appeals sustained the search and conviction. The Court of Appeals said (pp 443-447): "When the police have probable cause to arrest a defendant with respect to three forged prescriptions presented to a pharmacy by him and in the course of questioning immediately following arrest he admits that his car is parked alongside the pharmacy and contains additional forged prescriptions as well as illegally obtained drugs, search of the vehicle by the police without a warrant is permissible * * * The Supreme Court has upheld the warrantless search of a stopped vehicle when there is probable cause to believe that contraband or evidence of a crime will be found in the vehicle (*Colorado v Bannister*, 449 US 1; *Carroll v United States*, 267 US 132), even though all of the occupants of the vehicle have been arrested before the search is made * * * A contrary result cannot be justified simply because the vehicle in one case is parked and in the other had been moving until stopped. The same realistic evaluation of the privacy interests involved and practicalities of police investigation sustain the seizure of the drugs involved in the present case, in view of the closeness in time and space between the arrest and the search and seizure." Also supporting our conclusion is *People v Belton* (55 NY2d 49, 55), where the Court of Appeals said: "[W]here police have validly arrested an occupant of an automobile, and they have reason to believe that the car may contain evidence related to the crime for which the occupant was arrested or that a weapon may be discovered or a means of escape thwarted, they may contemporaneously search the passenger compartment, including any containers found therein." Concur — Ross, J. P., Asch and Silverman, JJ.

Carro, J., dissents in a memorandum as follows: The critical issue is whether probable cause existed to believe a weapon was secreted within defendant-appellant's automobile, so as to permit the police, without a warrant, to break into and search the vehicle which was parked across the street from the station house. As noted by the majority, the informant, while in the station house, accused defendant, her just-shed paramour, of having a gun on his person and of intending to shoot her. The defendant was immediately seized and searched, but no weapon was found. The informant then claimed "if he doesn't have one on him, there is one in the car." The defendant was then arrested for menacing and placed in a "holding pen", while officers broke into the vehicle and searched it. The informant told the police that she and defendant had been living together, that earlier that day she had left him, that she and another couple removed her belongings from the apartment she shared with defendant, loaded them into a truck and left. The defendant thereupon drove alongside the truck and pointed a gun at them. In *Carroll v United States* (267 US 132), the court delineated an exception to the warrant requirement, to wit, that the police may stop and search an automobile without a warrant, provided there

was probable cause to believe it contained contraband being illegally transported. The rationale of *Carroll* was that, unlike a dwelling or other structure for which a warrant may be readily obtained, a vehicle may be quickly moved out of the location or jurisdiction, making it impracticable to obtain a warrant. The exigent circumstances which justify the warrantless search of an automobile stopped on the highway even where there is probable cause are that the car is moveable, the occupants are alerted, and the car's contents may never be found again if a warrant must first be obtained. "[T]he opportunity to search is fleeting." (*Chambers v Maroney,* 399 US 42, 51.) On remand from the Supreme Court, the Court of Appeals in *People v Belton* (55 NY2d 49), sustained a search under the "automobile exception" to the warrant requirement where the defendant's vehicle had been stopped and the occupants removed and validly arrested. The police immediately returned to the vehicle and searched, finding contraband in a zippered jacket pocket. The court justified the warrantless search as being contemporaneous with a valid arrest, because the circumstances gave reason to believe the car contained evidence of a crime, i.e., "probable cause". In *United States v Ross* (456 US 798), the police, acting on information from a reliable informant, stopped respondent's car, arrested him and discovered heroin in the trunk, as predicted. The car was driven to the police headquarters, where another warrantless search revealed a zippered pouch containing cash. The Supreme Court (p __) reaffirmed "the basic rule of Fourth Amendment jurisprudence stated by Justice Stewart for a unanimous Court in *Mincey* v. *Arizona,* 437 U. S. 385, 390: 'The Fourth Amendment proscribes all unreasonable searches and seizures, and it is a cardinal principle that "searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment — subject only to a few specifically established and well-delineated exceptions." *Katz* v. *United States,* 389 U. S. 347, 357 (footnotes omitted).'" The court noted (p __) that the exception recognized in *Carroll v United States* (267 US 132, *supra*), that a warrantless search of an automobile stopped by police officers who have probable cause to believe the vehicle contains contraband was not unreasonable, is one of those few exceptions which is "'specially established and well-delineated'". Since the court in *Carroll* did not address the permissible scope of the search, the *Ross* court considered the extent to which the police might conduct a search of compartments and containers within a stopped vehicle, where probable cause exists to believe that contraband is concealed somewhere therein. Analyzing the cases, the court emphasized the importance of the probable cause requirement and stated (p __): "Moreover, the probable cause determination must be based on objective facts that could justify the issuance of a warrant by a magistrate and not merely on the subjective good faith of the police officers * * * In this class of cases, a search is not unreasonable if based on facts that would justify the issuance of a warrant, even though a warrant has not actually been obtained." All of these cases deal with "stopped cars".* In *Coolidge v New Hampshire* (403 US 443), however, the defendant was arrested in his house for murder. The police obtained an invalid search warrant for his automobile, which was parked in his driveway, and subsequently towed it to the police station. It was searched there two days later and twice more during the next year, and evidence recovered from the vehicle was introduced at the trial. The court held that on the facts of this case a warrantless search and seizure of the car could

---

* Re: *United States v Ross,* see Justice Marshall's dissent at p __, n 1, "The Court confines its holding today to automobiles stopped on the highway which police have probable cause to believe contain contraband. I do not understand the Court to address the applicability of the automobile exception rule announced today to parked cars. Cf. *Coolidge* v. *New Hampshire,* 403 U. S. 442 (1971)."

not be justified under one of the exceptions to the warrant requirement; that the seizure of the car in the driveway could not be justified as incidental to the arrest which took place inside the house; that there were no exigent circumstances justifying the warrantless search, even had it been made before the car was taken to the police station; and that the special exception for automobile searches in *Carroll v United States* (*supra*), and *Chambers v Maroney* (*supra*) was inapplicable. In discussing the rule under *Carroll,* where the police may make a warrantless search of an automobile whenever they have probable cause to do so, the court noted (p 460) the rationale of that case, that it is not practicable to secure a warrant because the vehicle can be quickly moved out of the locality, and that under *Chambers* (*supra*), " 'exigent circumstances' " justify the warrantless search of an automobile stopped on the highway where there is probable cause, as " '[t]he opportunity to search is fleeting' ". The court stated (pp 461-462): "[t]he word 'automobile' is not a talisman in whose presence the Fourth Amendment fades away and disappears * * * by no possible stretch of the legal imagination can this be made into a case where 'it is not practicable to secure a warrant,' *Carroll, supra,* at 153, and the 'automobile exception,' despite its label, is simply irrelevant." The facts in our instant case seem susceptible to the legal conclusions drawn in *Coolidge.* The search of the car across the street from the station house cannot be justified as incidental to the arrest, which took place inside the station house. There were no exigent circumstances justifying the warrantless search. The defendant was in custody, and a guard could have been placed by the vehicle, immobilizing it and eliminating the rationale for the automobile exception. Therefore, even were probable cause present, "by no possible stretch of the legal imagination can this be made into a case where 'it is not practicable to secure a warrant'." (*Ibid.*) The Court of Appeals, however, recently decided *People v Orlando* (56 NY2d 441), relied on by the majority. In that case defendant was validly arrested inside a pharmacy for presenting three forged prescriptions to be filled. He admitted that there were other forged prescriptions and illegally obtained drugs in his automobile in the parking lot alongside the pharmacy. The police then searched the car and found the contraband. The court disposed of *Coolidge* in one sentence (p 445): "To be emphasized is the fact that the vehicle was parked in a public place; its location did not necessitate a warrant as might be the case had it been parked in a nonpublic place (cf. *Coolidge v New Hampshire,* 403 US 443)". Would the result have been different in *Coolidge* had the car been parked in the street in front of the house? *Orlando* held that (pp 445-446), the distinction between moving vehicles stopped by the police and parked vehicles notwithstanding, "the search of defendant's vehicle was justified because the detectives had probable cause on the basis of what they had been told by the pharmacist trainee, by Dr. Oxman and by defendant himself to believe not only that defendant had possessed the forged instruments presented to Pathmark but also that additional contraband (in the form of forged prescriptions and drugs illegally obtained through use of other such prescriptions) would be found in the car." The *Orlando* court viewed as most crucial the probable cause requirement, and that case had a "high quality" of probable cause, to wit, the identification by the pharmacist trainee of defendant as the man who had left the prescriptions, the statement by the physician that he had no such patient and that several pads of prescription blanks were missing, and the admission by the defendant that the contraband was in fact in his automobile, parked just outside. In contrast, probable cause has not been made out in the instant case. The informant was wrong — and thus proven unreliable — about the defendant's possession of the weapon in the station house. She speculated upon its location in the car ("if he doesn't have one on

948

him, there is one in the car"), based upon his alleged pointing of the weapon while in the vehicle "earlier that day". Probable cause must be based upon "reasonably trustworthy information" (*Carroll v United States, supra,* at p 162) leading to reasonable certainty in the mind of "a man of reasonable caution". If the probable cause shown in *Orlando* is of "high quality", then that exhibited here is of such "low quality" as to be nonexistent. Error and speculation do not lead to reasonable certainty but to untrustworthy and unreliable information. If "[t]he touchstone of our analysis under the Fourth Amendment is always 'the reasonableness in all the circumstances' " (*Pennsylvania v Mimms,* 443 US 106, 108-109), then the actions of the police officers here in accepting at face value the unreliable and speculative information tendered by this informant were unreasonable. The orders granting the motion to suppress evidence and to dismiss count one of the indictment should be affirmed.