■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BUDDHA ALLAH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered January 17, 1984, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Clabby, J.), of that branch of the defendant's omnibus motion which was to suppress certain physical evidence.

Ordered that the judgment is affirmed.

On August 14, 1983, at approximately 8:20 P.M., the defendant was traveling southbound along Montauk Street in Queens County, in a Chevrolet automobile. A marked police patrol car was approximately 25 feet directly behind the defendant's vehicle. The defendant proceeded to make a right turn onto Merrick Boulevard, without signaling. The defendant then turned left onto Belknap Street, again without signaling. The police then activated their overhead lights, and signified that the defendant should pull his automobile over to the curb. The defendant promptly complied. The officer thereupon exited his patrol car and approached the driver's side of the Chevrolet. The defendant also exited his vehicle, leaving the driver's door partially open.

At this juncture, the officer requested that the defendant produce his license, registration and insurance identification card. The defendant, in turn, handed the officer his license and registration; however, he was unable to produce any insurance documentation. The officer, who was standing alongside the Chevrolet, then took out a flashlight in an effort to ascertain the vehicle identification number (VIN). While checking the VIN, the officer noticed a white plastic bag protruding from underneath the driver's seat. The officer then inquired as to the contents of the bag. The defendant, however, did not respond. Instead, the defendant reentered the Chevrolet, picked up the bag, removed an object from the bag, placed this object underneath the driver's seat and handed the officer the empty bag. When the defendant stepped out of the vehicle, the officer glanced down and with the aid of the flashlight, observed the handle of a gun protruding into plain view. The officer proceeded to arrest the defendant and retrieved the weapon, which he identified as a fully loaded .22 caliber magnum revolver. The defendant subsequently pleaded guilty and now stands convicted of criminal possession of a weapon in the third degree.

On appeal, the defendant challenges the hearing court's denial of his motion to suppress the evidence on the ground that the police possessed no legal cause to stop his vehicle or to conduct a search of its interior.

We find that the police properly stopped the automobile that the defendant was driving after having witnessed the defendant violate certain provisions of the Vehicle and Traffic Law (see, People v Livigni, 88 AD2d 386, affd 58 NY2d 894; People v Ingle, 36 NY2d 413; People v Robinson, 115 AD2d

411, 413, *lv denied* 67 NY2d 1056). We further find that the actions of the police in shining a flashlight into the interior of the vehicle did not constitute an unreasonable intrusion *(see, People v Cruz,* 34 NY2d 362, *rearg granted* 35 NY2d 760; *People v Simmons,* 83 AD2d 79; *People v Miller,* 52 AD2d 425, *affd* 43 NY2d 789). Moreover, since the defendant removed the weapon from the bag and placed it in such a manner and location that it was partially visible from the exterior of the vehicle, suppression of this evidence was not warranted *(see, People v Vereb,* 122 AD2d 897, 900; *People v Delgado,* 118 AD2d 580, *lv denied* 67 NY2d 1052).

Finally, we note that the defendant's plea allocution was legally and factually sufficient. Eiber, J. P., Kunzeman, Sullivan and Harwood, JJ., concur.