■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED L. HICKS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Zelman, J.), rendered September 26, 1986, convicting him of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, criminal use of drug paraphernalia in the second degree and unlawful possession of marihuana, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt, and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). The police officers' testimony in this case cannot be characterized as " 'manifestly untrue, physically impossible, contrary to experience, or self-contradictory,' " so as to warrant discounting it *(People v Garafolo,* 44 AD2d 86, 88).

The defendant's second contention, that the automobile search in question was unconstitutional, is also without merit. He urges that this court apply a broader protection under NY Constitution, article I, § 12, to circumscribe the limits of the automobile exception to the US Constitution Fourth Amendment prohibition against unreasonable searches and seizures as promulgated in *United States v Ross* (456 US 798). The defendant's arguments are based on similar extensions of protections that the New York Court of Appeals sanctioned in *People v Class* (67 NY2d 431) and *People v P. J. Video* (68 NY2d 296, *cert denied* — US —, 107 S Ct 1301). However, neither the facts nor the policy considerations underlying these two decisions are apposite at bar.

*United States v Ross (supra)* permits an automobile search based only on the same probable cause standards which would

permit a disinterested Magistrate to issue a warrant under State constitutional standards. Hence, since such a probable cause standard exists in this case, the defendant has been accorded all the constitutional protections to which he is entitled (see, People v Langen, 60 NY2d 170, cert denied 465 US 1028). Thompson, J. P., Lawrence, Rubin and Spatt, JJ., concur.