■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNIE N. EARL, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Tisch, J.), rendered October 2, 1989, convicting him of attempted murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the court erred in refusing to preclude the trial testimony of certain witnesses who had testified at the first Grand Jury proceeding, for the reason that the minutes of their Grand Jury testimony had been lost. Although the loss by the stenographer of the Grand Jury minutes rendered it impossible to comply with the Rosario rule (see, People v Martinez, 71 NY2d 937), the court did not improvidently exercise its discretion in refusing to preclude the witnesses from testifying at trial. The loss of the minutes was not intentional and any prejudice to the defendant in cross-examining these witnesses was eliminated by the accelerated offering of all other Rosario material to the defendant and the adverse inference charge given to the jury. Further, the minutes of the witnesses's testimony at the second Grand Jury proceeding and at the pretrial hearings, as well as their statements to the police, were available to the defendant (see, People v Martinez, supra; People v Haupt, 71 NY2d 929; People v Kelly, 62 NY2d 516; People v Aviles, 89 Misc 2d 1).

The defendant also argues that his guilt was not proven

beyond a reasonable doubt. However, viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), we find it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Finally, the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Kooper, Harwood and Balletta, JJ., concur.