■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGAR CAMPBELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered December 8, 1989, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County for further proceedings pursuant to CPL 460.50 (5).

We find that the hearing court properly denied the defendant's motion to suppress evidence of the weapon found in his vehicle. The initial stop of the defendant's vehicle for a traffic violation was proper (see, People v Allah, 131 AD2d 765). Furthermore, the police officer's act of observing the interior of the vehicle with the aid of a flashlight to reveal evidence that would have been in plain view but for the darkness was not an unreasonable intrusion (see, People v Cruz, 34 NY2d 362 amended on other grounds 35 NY2d 708; People v Bute, 172 AD2d 550; People v Wallace, 153 AD2d 59). Upon discovering the sawed-off barrel of a shotgun on the front seat, the police had probable cause to search the passenger compartment to uncover further evidence of contraband or of the commission of a crime (see, People v Blasich, 73 NY2d 673; People v Orlando, 56 NY2d 441; People v Hicks, 135 AD2d 651).

The defendant contends that the court erred in denying his request to preclude the testimony of three police officers as a sanction for the prosecution's loss of Rosario material. A narrative of the incident, which was prepared by one of the officers for the purpose of a request for recognition of excellent

police duty, had been destroyed. It is within the discretion of the trial court to determine the appropriate sanction to be imposed upon the People for their failure to preserve *Rosario* material *(see, People v Martinez,* 71 NY2d 937). In the present case, the court's adverse inference charge regarding the missing narrative was the appropriate measure to rectify the harm done by the loss of the evidence *(see, People v Haupt,* 71 NY2d 929; *People v Kelly,* 62 NY2d 516). There was no evidence that the narrative was destroyed in bad faith, the defendant received other statements prepared by the police officers, and defense counsel cross-examined the officers regarding the destruction of the narrative. Precluding the officers from testifying would have been too drastic a measure as it would have eliminated all of the People's evidence and resulted in the dismissal of the indictment. Thompson, J. P., Bracken, Rosenblatt and O'Brien, JJ., concur.