■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE MADDIX, Appellant. [664 NYS2d 80] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered August 22, 1994, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The People could not produce the audiotape of an interview with an eyewitness who testified at trial. If the People fail to exercise due care in preserving *Rosario* material, and the defendant is prejudiced thereby, the trial court must impose an appropriate sanction (*see, People v Martinez,* 71 NY2d 937). "The determination of what [sanction] is appropriate is committed to the trial court's sound discretion, and while the degree of prosecutorial fault may be considered, the court's attention should focus primarily on the overriding need to eliminate prejudice to the defendant" (*People v Martinez, supra,* at 940). The court did not improvidently exercise its discretion in giving an adverse inference charge as the sanction (*see, People v Wallace,* 76 NY2d 953; *People v Walker,* 235 AD2d 510). The adverse inference charge was issued twice, once immediately after the jury was first notified of the lost tape, and again during jury instructions. Moreover, any prejudice was eliminated by the offering of other *Rosario* material, including the handwritten and typed copies of the interviewer's scratch notes of the interview and a transcript of the first interview (*see, People v Earl,* 168 AD2d 510; *People v Frazier,* 233 AD2d 896). Furthermore, the defendant had the opportunity to cross-examine the interviewer about the loss (*see, People v Campbell,* 176 AD2d 814).

The defendant argues that the trial court erred in failing to inform him, prior to summations, that it would not submit the charge of criminal possession of a weapon in the third degree to the jury (*see,* CPL 300.10 [4]). Initially, this contention is unpreserved for appellate review, as he failed to object to the omission of the charge (*see,* CPL 470.05 [2]; *People v Cromwell,* 150 AD2d 715). In any event, any error is harmless (*see, People v Miller,* 70 NY2d 903; *see also, People v Gagliardo,* 222 AD2d 520; *People v Kloska,* 191 AD2d 587). Thompson, J. P., Sullivan, Joy and Florio, JJ., concur.