■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOE BROWN, Appellant. [715 NYS2d 251] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Silverman, J.), rendered February 19, 1999, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of burglary in the third degree beyond a reasonable doubt (*see,* Penal Law § 140.20; *People v Barnes,* 50 NY2d 375; *People v Mazer,* 208 AD2d 956; *People v Gilmore,* 199 AD2d 410). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88).

Furthermore, the trial court properly gave an adverse inference charge instead of striking a police officer's testimony where the prosecution was unable to produce the defendant's arrest pedigree report (*see, People v Rosario,* 9 NY2d 286, *cert denied* 386 US 866; *People v Martinez,* 71 NY2d 937; *People v Fullwood,* 254 AD2d 431). Any possibility that the defendant was prejudiced by the loss or destruction of his arrest pedigree report was remote and minimized by the defense counsel's cross-examination of the arresting police officer (*see, People v Maddix,* 244 AD2d 432; *People v Campbell,* 176 AD2d 814) concerning the arrest pedigree report (*see, People v Martinez, supra; People v Haupt,* 71 NY2d 929).

The defendant's remaining contentions are without merit. Krausman, J. P., Florio, Luciano and Schmidt, JJ., concur.