■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK CARTER, Appellant. [899 NYS2d 244]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Holdman, J.), rendered June 12, 2008, convicting him of burglary in the third degree and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that there was legally insufficient proof of his guilt of the charges of burglary in the third degree and possession of burglar's tools (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]; *People v Martinez*, 17 AD3d 606, 607 [2005]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of burglary in the third degree beyond a reason-

able doubt (see People v Diaz, 53 AD3d 504, 505 [2008]; People v Ferraro, 49 AD3d 550, 551 [2008]; People v Stanley, 12 AD3d 467 [2004]; People v Brown, 276 AD2d 799 [2000]). Contrary to the defendant's contention, the prosecution did not limit its theory of burglary to one in which the defendant entered the dwelling with the intent to commit a particular crime (see People v Ramadhan, 50 AD3d 339 [2008]; People v Thomas, 38 AD3d 1134, 1137 [2007]; People v Moore, 303 AD2d 691, 692 [2003]). The evidence also was legally sufficient to establish the defendant's guilt of the crime of possession of burglar's tools (see People v Mejias, 296 AD2d 583 [2002]; see also People v Wendley, 260 AD2d 185 [1999]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, trial counsel provided the defendant with meaningful representation (see People v Taylor, 1 NY3d 174 [2003]; People v Benevento, 91 NY2d 708 [1998]; People v Hernandez, 49 AD3d 335 [2008]; People v Winchell, 46 AD3d 1096, 1098 [2007]). Rivera, J.P., Leventhal, Lott and Austin, JJ., concur.