■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES McCLOUD, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County, rendered April 17, 1979, convicting him of criminal possession of stolen property in the second degree, upon his plea

of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress evidence. Judgment affirmed. At approximately 5:30 or 6:00 A.M., on August 9, 1978, a police officer was dispatched to investigate a disabled car on the Hutchinson River Parkway. The car was parked, without its lights on, in a traffic lane. The officer saw a man sleeping in the back seat. He shouted in an attempt to wake him; this effort was unsuccessful. Walking around the front of the car to the passenger side, the officer again tried to awaken the sleeping occupant without success. The officer opened the car door and the glove compartment seeking to find the registration by which he might call out the man's name and rouse him from his sleep. There were two manila envelopes but no registration in the glove compartment. However, while inside the car, he noticed that the license plate number on the inside of the inspection sticker did not match that on the New Jersey license plates, leading the officer to believe that the vehicle might be unregistered. The man soon woke up and explained that he was driving from Connecticut to New Jersey with three friends when the car broke down. His friends had taken the battery to be repaired or recharged. The officer and the man pushed the vehicle onto the shoulder of the parkway. Within minutes, the other three people drove up, one of them carrying a battery. Upon inquiry, only one of the four, the formerly sleeping occupant, produced identification. The others, including defendant, gave their names and birth dates. None admitted owning or driving the car. The officer went back to his patrol car and had his headquarters run checks on the four subjects and the car itself. Two were wanted on unrelated charges; the car had been stolen in Waterbury, Connecticut. A back-up team responded to the officer's call for assistance. The four subjects were then told to get out of the vehicle and that they were being placed under arrest for possession of a stolen car. All four, including defendant, were read their *Miranda* rights. Defendant did not make any statement at the time. After the arrest, the officer requested that a tow truck be dispatched; he then inventoried the car. The officer testified that, under the passenger's front seat, he found two manila envelopes containing pills and capsules, a credit card and bank card belonging to none of the four people arrested, and a knife. (The record is unclear as to whether there were two or four envelopes and, if only two, where they were actually found. This apparent conflict, however, does not affect our conclusion.) Defendant was charged with two counts of criminal possession of stolen property in the second degree and one count of criminal possession of a controlled substance in the second degree. Following the denial of his motion to suppress evidence, after a hearing, defendant pleaded guilty to one count of criminal possession of stolen property in the second degree, this being the car itself. On appeal, defendant contends that the officer's opening of the car door, opening the glove compartment and peering at the inspection sticker from inside the car constituted an illegal search and that therefore the tangible physical evidence seized and his later statements made at the police station should be suppressed as fruits of the poisonous tree. We do not agree with defendant's contention. The doctrine of automatic standing, first enunciated in *Jones v United States* (362 US 257), was repudiated by the United States Supreme Court in *United States v Salvucci* (448 US 83), which held that a defendant charged with a possessory crime may only contest an allegedly illegal search and seizure if he had a "legitimate expectation of privacy" in the area searched. The Court of Appeals has yet to rule on the question of whether this doctrine has now also been abolished in New York, having last discussed the automatic standing rule, with approval, in *People v Hansen*

(38 NY2d 17), which was decided prior to *Salvucci (supra)*. The court there noted that inroads had been made on the doctrine, but declined to abolish it in New York. In accordance with recent decisions in the Appellate Divisions of the First and Fourth Departments in *People v Smith* (77 AD2d 544) and *People v Ponder* (77 AD2d 223), respectively, this court also holds that the rule set forth in *Salvucci* is the law in the State of New York. As noted in *People v Johnson* (105 Misc 2d 561, 566), "Nothing in the *Hansen* case indicates that the Court of Appeals would follow a more lenient standard than the Supreme Court in affording standing to a defendant." To the extent that this decision is in conflict with *People v Waddy* (63 AD2d 492), the latter is overruled. Lacking any legitimate expectation of privacy in the stolen vehicle, defendant is precluded from contesting the instant search. We have examined defendant's other argument and find it to be without merit. Rabin, J.P., Gulotta, Weinstein and Thompson, JJ., concur.