■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES CACIOPPO, Appellant. — Appeal by defendant from a judgment of the County Court, Putnam County (Braatz, J.), rendered January 25, 1984, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

Defendant moved, *inter alia,* to suppress cocaine and other articles seized from a jeep owned by, and parked on the property of, one Jeffrey Miller, whose residence is close to that of the defendant.

At the hearing held on the motion, defendant testified that he had an agreement with Miller, whereby he gave the latter $100 per month for occasional use of the jeep; defendant claimed that the vehicle was sometimes parked on his property. Miller corroborated the use, and further testified that he allowed defendant to store cocaine in the jeep in return for $25 per week. On occasion, Miller saw a canvas bag in the jeep; this bag was present when a State Police investigator searched the jeep. The items sought to be suppressed were inside the bag.

According to Miller, the jeep was registered in his name and he controlled the keys to it. Only Miller, his wife, and defendant used the jeep, the doors of which were kept unlocked.

Defendant maintains that he has standing to challenge the search of the jeep and/or its contents. Having no automatic standing to contest the search (see *United States v Salvucci,* 448 US 83; *People v Ponder,* 54 NY2d 160), however, he bears the burden of proving that he had a legitimate expectation of privacy in the jeep (see *Rawlings v Kentucky,* 448 US 98). This expectation of privacy must also be reasonable (see *People v Lerhinan,* 90 AD2d 74, 75).

In a somewhat analogous situation, it has been held that a wrongful presence at the scene of a search cannot aid one in invoking the privacy of the premises searched (*Jones v United States,* 362 US 257, 267). A person present in a stolen automobile at the time of the search may not object to the lawfulness of the search (*Rakas v Illinois,* 439 US 128, 141, reh den 439 US 1122; *People v McCloud,* 81 AD2d 645).

The issue of whether one has standing to object to a search may be viewed, in Fourth Amendment terms, as requiring "a determination of whether the disputed search and seizure has infringed an interest of the defendant which the Fourth Amendment was designed to protect" (*Rakas v Illinois,* 439 US 128,

140, *supra*). Fourth Amendment rights are personal in nature and may not be vicariously asserted (*Rakas v Illinois, supra,* pp 133-134).

Examining the facts at bar, we hold that defendant lacked a legitimate expectation of privacy in Miller's jeep. Defendant did not own the jeep, the doors of which were unlocked at the time of the search, nor did he possess the keys to it. Furthermore, defendant did not allege that he had the right, nor that he had attempted, to exclude others from the jeep. Miller's wife, as well as Miller, had free access to the vehicle. "One of the main rights attaching to property is the right to exclude others * * * and one who owns or lawfully possesses or controls property will in all likelihood have a legitimate expectation of privacy by virtue of the right to exclude" (*Rakas v Illinois,* 439 US 128, 144, n 12, *supra*).

In view of the foregoing, defendant may not challenge the search of the jeep. Notwithstanding his testimony of having paid $100 per month to Miller for occasional use of the vehicle, his status is not that of a lessee who would have standing to object to the search of a premises even though he was not present at the time (see *United States v Potter,* 419 F Supp 1151, affd 567 F2d 392, cert den *sub nom. Hopson v United States,* 436 US 914).

In addition, defendant argues that he had an expectation of privacy in the canvas bag which was subsequently searched and found to contain the contraband. Given the demise of the automatic standing rule, defendant may not seek suppression of items seized from the jeep as to which he asserts no possessory interest.

We also reject defendant's contention that his statements given to one of the State Police investigators were involuntary. Our review of the record supports the conclusion of the hearing court that these statements followed a knowing, intelligent and voluntary waiver by defendant of his constitutional rights.

We have reviewed defendant's other contentions and find them to be without merit. Mollen, P. J., Gibbons, Weinstein and Rubin, JJ., concur.