■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS MORALES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered August 29, 1984, convicting him of criminal sale of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

The evidence, as adduced at the *Mapp* hearing, supported the hearing court's determination that probable cause to arrest defendant was established. The arresting officers were acting pursuant to a radio transmission received from an undercover officer who personally observed defendant's participation in the drug transaction for which he was arrested *(cf. People v King,* 113 AD2d 905). In any event, defendant lacks standing to seek the suppression of the physical evidence herein, which was obtained from the person of an accomplice. Fourth Amendment rights are personal in nature and cannot be vicariously asserted *(Rakas v Illinois,* 439 US 128, 133-134; *People v Cacioppo,* 104 AD2d 559, 560). In light of the foregoing, defendant may not challenge the search of his accomplice, which revealed the "prerecorded buy money" utilized in making the drug purchase.

Defendant has failed to preserve for appellate review the

issue of the sufficiency of the plea allocution *(see, People v Hoke,* 62 NY2d 1022; *People v Pellegrino,* 60 NY2d 636; *People v Gonzalez,* 110 AD2d 909). In any event, the record demonstrates that defendant knowingly, voluntarily and intelligently pleaded guilty *(see, People v Harris,* 61 NY2d 9). Finally, the sentence imposed was that which was promised when the plea was accepted, and was not harsh or excessive *(see, People v Kazepis,* 101 AD2d 816). Lazer, J. P., Rubin, Kunzeman and Kooper, JJ., concur.