■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAYDEN CREVELLE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered November 20, 1984, convicting him of criminal possession of a weapon in the second degree, assault in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

We find unpersuasive the defendant's contention that he was denied the effective assistance of counsel during trial. The record indicates that trial counsel presented a well-structured and credible defense, skillfully cross-examined prosecution witnesses, and ably argued his client's case during summation. His failure to except to certain portions of the trial court's

charge does not indicate ineffectiveness or incompetence, for those portions of the charge were proper statements of the law. Similarly, his failure to move to suppress a pistol which was admitted into evidence at the defendant's trial was not error, as the pistol was seized from the person of another individual and the defendant had no standing to assert that person's 4th Amendment rights (see generally, *Rakas v Illinois,* 439 US 128, *reh denied* 439 US 1122; *People v Morales,* 116 AD2d 671; *People v Cacioppo,* 104 AD2d 559). The mere fact that defense counsel's tactics and strategy ultimately proved unsuccessful cannot be equated with ineffective assistance of counsel (see, *People v Baldi,* 54 NY2d 137). Under the totality of the circumstances presented in this record, we cannot say that the defendant was denied meaningful representation at trial (see, *People v Lane,* 60 NY2d 748; *People v Baldi, supra; People v Dudley,* 110 AD2d 652).

Additionally, we note that the sentence of 4 to 12 years imposed by the court on the conviction for criminal possession of a weapon in the second degree was not illegal. The defendant's remaining contentions are not preserved for appellate review and, in any event, are patently without merit. Brown, J. P., Niehoff, Rubin and Eiber, JJ., concur.