THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL VARGAS, Appellant.

The defendant was discovered by the police at approximately 6:30 A.M. on September 26, 1985, wedged between the top of a rolled-down security gate and the entrance to a bodega. When arrested, he was found to possess a roll of pennies and other currency, including 16 $2 bills. Upon gaining access to the store, the police discovered another perpetrator and noticed that money and merchandise were strewn about the floor near and just outside the door. The store's owner subsequently observed some of his possessions and merchandise inside a 1969 Buick parked nearby. He informed the police of this fact and they broke into the car and seized the goods. The defendant was subsequently found to be in possession of the keys to that vehicle.

At the trial, the court allowed the prosecutor to cross-examine a defense witness regarding his prior conviction for disorderly conduct. The court also permitted the complainant to testify as to the value of the jewelry and merchandise that had been taken from his store, and admitted into evidence, as a single exhibit, all of the currency recovered at the scene of the crime.

On appeal, the defendant argues that the merchandise recovered from the parked 1969 Buick should have been suppressed as the result of a warrantless search by the police and that the court's trial rulings were improper.

We find that the defendant's contentions are without merit.

The defendant did not sustain his burden of showing that he had a reasonable expectation of privacy in the parked vehicle from which the stolen property was seized (People v Ponder, 54 NY2d 160; People v Collier, 107 AD2d 754). The fact that defendant possessed keys that fit the vehicle did not establish his right to drive or possess the car, or that he had a legitimate expectation of privacy in it, or that he had standing to dispute the validity of its search (see, People v David L., 56 NY2d 698, cert denied 459 US 866; People v Rodriguez, 69 NY2d 159). In any event, the police had probable cause to search the vehicle based upon the information provided by the

complainant *(see, People v Belton,* 55 NY2d 49, *rearg denied* 56 NY2d 646).

The defendant's witness in the instant case had pleaded guilty to disorderly conduct, a violation which constitutes an "offense" *(see,* Penal Law §§ 240.20, 10.00 [1], [3]). Pursuant to CPL 60.40, the People are permitted to inquire into such offenses for the purpose of impeaching a witness on cross-examination *(People v Gray,* 41 AD2d 125, *affd* 34 NY2d 903, *cert denied* 419 US 1055). In any event, the defendant waived his objection as he stipulated to the introduction of evidence of the conviction.

The complainant was properly permitted to testify as to the value of merchandise taken from his store, as he bought such merchandise on a regular basis and was familiar with its value.

Finally, we find that the court did not err in admitting into evidence, as a single exhibit, all of the currency recovered at the scene of the crime. There was detailed testimony as to the total sum recovered as well as to the precise amount and denominations found on the defendant. Since the complainant testified that he kept pennies in rolls and a quantity of $2 bills in his store's cash register, the fact that the defendant was in possession of a roll of pennies and 16 $2 bills was circumstantial evidence tending to establish his participation in the burglary *(People v Zorcik,* 67 NY2d 670). Kunzeman, J. P., Rubin, Eiber and Sullivan, JJ., concur.