■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKIE JEFFERSON, Appellant.—Judgment unanimously affirmed. Memorandum: Under the circumstances of this case, the court did not err in denying defendant's request for disclosure of the identity of the informant *(see, People v Goggins,* 34 NY2d 163, *cert denied* 419 US 1012). Although the informant introduced the undercover officer to defendant, he did not witness the sale. The proof of identification was overwhelming, and defendant's testimony that he was at home at the time of the sale was weak and of dubious credibility.

The court properly denied defendant's motion to suppress the illegal drugs seized during defendant's arrest. The police had probable cause to make the arrest based upon the knowledge of one of the investigating officers who had witnessed the sale of drugs by defendant, which knowledge was imputed to

the arresting officer *(see, People v Wroblewski,* 109 AD2d 39, 42-43, *affd* 67 NY2d 933, *cert denied* 479 US 845; *see also, People v Jennings,* 54 NY2d 518, 522; *People v Bouton,* 50 NY2d 130, 136; *People v Morales,* 116 AD2d 671, *lv denied* 67 NY2d 887).

The issue of whether the court should have given a missing witness charge to the jury was not preserved for appellate review.

Finally, we reject defendant's contention that he was deprived of effective assistance of counsel. (Appeal from Judgment of Monroe County Court, Marks, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Boomer, J. P., Pine, Lawton, Davis and Doerr, JJ.