■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON CLARK, Appellant. [629 NYS2d 700] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of attempted robbery in the first degree, criminal use of a firearm in the second degree and assault in the first degree. Defendant's contention that County Court erred in refusing to grant an order pursuant to CPL 640.10 to secure the attendance of two out-of-State witnesses lacks merit; defendant failed to show that they would be "material" witnesses (CPL 640.10 [3]; *see, People v McCartney,* 38 NY2d 618, 621-622; *cf., People v Trice,* 101 AD2d 581, 584-586, *lv denied* 63 NY2d 779). Defendant failed to preserve for our review his contention that the court should have granted defendant's suppression motion in the absence of proof at the suppression hearing that the arresting officers had personal knowledge of facts to support the arrest *(see,* CPL 470.05 [2]). In any event, that contention lacks merit. There is no requirement that the arresting officers have personal knowledge of the facts that give rise to probable cause; pursuant to the "fellow officer" rule, a police officer is "deemed to act with probable cause when making an arrest at the direction of another law enforcement officer who has the requisite probable cause" *(People v Rosario,* 78 NY2d 583, 588, *cert denied* 502 US 1109; *see, People v Jefferson,* 181 AD2d 1007, *lv denied* 80 NY2d 833). We conclude that the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Attempted Robbery, 1st Degree.) Present—Denman, P. J., Pine, Wesley, Balio and Boehm, JJ.