THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND CONWAY, Appellant. [716 NYS2d 223] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of assault in the first degree (Penal Law § 120.10 [1]) based upon his having struck his girlfriend numerous times in the head with a hammer while she was lying in bed in her apartment. Defendant was sentenced as a second felony offender to a determinate term of imprisonment of 25 years.

We reject the contention of defendant that Supreme Court erred in denying his suppression motion. The court credited the testimony of the victim that defendant did not live with her, but merely stayed overnight occasionally and kept a few personal items at the victim's residence, to which he did not have a key. Thus, the court properly determined that defendant lacked standing to contest the warrantless search of the victim's apartment and garage (*see, People v McGaha,* 144 AD2d 388; *see also, People v Secrest,* 236 AD2d 839, *lv denied* 90 NY2d 863; *People v Adames,* 168 AD2d 623, *lv denied* 77 NY2d 957). In any event, the victim consented to the search of the garage (*see, People v Maye,* 206 AD2d 755, 757, *lv denied* 84 NY2d 1035).

Two isolated improper comments during the prosecutor's summation, wherein the prosecutor vouched for the credibility of a witness and appealed to the sympathy of the jury, did not deprive defendant of a fair trial (*cf., People v Calabria,* 94 NY2d 519, 523). Defendant failed to preserve for our review his contention that the court abused its discretion in failing to complete a readback of testimony requested by the jury before the jury reached a verdict (*see,* CPL 470.05 [2]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). Defendant knowingly, intelligently and voluntarily waived his right to be present at sidebar conferences, as evidenced by the written waiver signed by defendant, defense counsel, and the court (*see generally, People v Spotford,* 85 NY2d 593, 598-599). The verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). Given the heinous nature of the attack and defendant's violent criminal history, the sentence is neither unduly harsh nor severe. We have examined the remaining contentions in defendant's *pro se* supplemental brief and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Monroe County, Ark, J.—Assault, 1st Degree.) Present—Pigott, Jr., P. J., Green, Hurlbutt, Scudder and Balio, JJ.