■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MILLER, Appellant. [748 NYS2d 768] —Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered April 13, 2000, convicting him of burglary in the second degree, petit larceny, possession of burglar's tools, criminal possession of stolen property in the fifth degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly determined that he lacked standing to challenge the search of the parked rental car which was conducted at the time of his arrest. The defendant did not sustain his burden of showing that he had a reasonable expectation of privacy in the rental car, which had been rented by another individual and was parked on the street in front of the residence the defendant was caught burglarizing (*see Rakas v Illinois,* 439 US 128; *People v Ramirez-Portoreal,* 88 NY2d 99; *People v Ponder,* 54 NY2d 160). The fact that the defendant possessed keys that fit the rental car did not establish his right to drive or possess the vehicle, that he had a legitimate expectation of privacy in it, or that he had standing to dispute the validity of its search (*see People v Young,* 282 AD2d 402; *People v Merchant,* 258 AD2d 478; *People v Vargas,* 140 AD2d 472). Accordingly, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the items seized from the rental car.

The defendant's remaining contentions are unpreserved for appellate review, without merit, or do not require reversal. Ritter, J.P., Santucci, Goldstein and Mastro, JJ., concur.