■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER WERNER, Appellant. [757 NYS2d 754] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated June 11, 2001 (*People v Werner,* 284 AD2d 419 [2001]), affirming a judgment of the Supreme Court, Queens County, rendered May 8, 1998.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE YORK, Appellant. [757 NYS2d 495] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Lefkowitz, J.), rendered December 6, 1999, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The hearing court properly declined to suppress the contents of the vehicle that the defendant used to commit a robbery. On the day of the robbery, the defendant borrowed the vehicle from a friend and did not return it. The friend recovered the vehicle the next day, and the police searched the vehicle thereafter. There was no evidence that the defendant had the right to exclude others from the vehicle (*see People v Rodriguez,* 69 NY2d 159, 162 [1987]). Accordingly, the defendant failed to establish that he had a legitimate expectation of privacy in the vehicle and he lacked standing to challenge the validity of the search (*see People v Ramirez-Portoreal,* 88 NY2d 99, 108-109 [1996]; *People v Cacioppo,* 104 AD2d 559 [1984]).

Contrary to the defendant's contention, the trial court properly admitted the audiotape of a telephone call to the 911 emergency number under the present sense impression exception to the hearsay rule. Although the call was made after the perpetrator left the convenience store, the time delay was not sufficient to destroy the indicia of reliability upon which this hearsay exception rests (*see People v Vasquez,* 88 NY2d 561 [1996]; *People v Buie,* 86 NY2d 501 [1995]; *People v Brown,* 80 NY2d 729 [1993]; *People v Smith,* 267 AD2d 407, 408 [1999]).

The defendant's contention that the evidence was legally insufficient to support his conviction of burglary in the first degree is without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

The defendant's remaining contentions of prosecutorial misconduct during voir dire, the opening statement, and the summation either are unpreserved for appellate review (*see* CPL 470.05 [2]) or without merit.

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Santucci, J.P., Smith, H. Miller and Adams, JJ., concur.