*456 Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ruchelsman, J.), rendered January 9, 2001, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant’s omnibus motion which were to suppress identification and physical evidence.
Ordered that the judgment is affirmed.
The defendant contends that certain evidence should have been suppressed as the product of his allegedly illegal arrest or of an allegedly illegal search of the automobile in which he was a passenger. However, the defendant lacks standing to seek suppression of property seized from the person of his accomplice (see People v Morales, 116 AD2d 671 [1986]), and he failed to establish that he had a reasonable expectation of privacy in the automobile (see People v Ponder, 54 NY2d 160 [1981]; People v Collier, 107 AD2d 754 [1985]; People v Cacioppo, 104 AD2d 559 [1984]). Accordingly, that branch of his motion which was to suppress physical evidence was properly denied.
The defendant contends that the court erred in failing to suppress testimony regarding an alleged showup identification by the complainant at the scene of the crime. However, as the People did not offer evidence at the trial of an identification of the defendant by the complainant, his contention is academic (see People v Woodberry, 176 AD2d 770 [1991]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
The defendant’s remaining contention is without merit (see People v Moise, 1 AD3d 464 [2003] [decided herewith]). Goldstein, J.E, Adams, Townes and Mastro, JJ., concur.