■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE D. BRINSON, Appellant. [812 NYS2d 899]—

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, J.), rendered November 24, 2004. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree and robbery in the second degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [a]) and one count of burglary in the first degree (§ 140.30 [2]). For the reasons set forth in our decision affirming the judgment of conviction of a codefendant (*People v Delarosa*, 28 AD3d 1186 [2006]), we conclude that County Court did not err in refusing to suppress the tangible evidence seized by the police. We further reject the contention of defendant that the court erred in refusing to suppress his statement to the police on the ground that it was elicited in violation of his right to counsel as guaranteed by the New York Constitution. Where, as here, the right to counsel is

alleged to have arisen solely due to the commencement of formal proceedings on another pending charge, the police may question a suspect on an unrelated new matter in the absence of counsel (*see People v Ruff*, 81 NY2d 330, 333-334 [1993]; *People v West*, 81 NY2d 370, 377-378 [1993]; *People v Blanchard*, 279 AD2d 808, 810 [2001], *lv denied* 96 NY2d 826 [2001]). The record establishes that defendant did not request counsel in this or the already pending matter, nor had counsel actually "entered [the] proceeding" with respect to either of those matters (*West*, 81 NY2d at 377). Further, we note that the new crime on which defendant was questioned by the police was unrelated to the pending matter (*see generally Ruff*, 81 NY2d at 334-335). Finally, the sentence is not unduly harsh or severe. Present—Scudder, J.P., Kehoe, Smith, Green and Pine, JJ.