■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUSTAVO SANCHEZ, Appellant. [882 NYS2d 296]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ingram, J.), rendered January 12, 2006, convicting him of criminal possession of a controlled substance in the third degree and criminally using drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of

that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly determined that he lacked standing to challenge the search of the sports utility vehicle in which the police had observed him place two packages of bundled glassine envelopes. The defendant did not sustain his burden of showing that he had a reasonable expectation of privacy in the vehicle, which was registered to another individual (*see Rakas v Illinois,* 439 US 128 [1978]; *People v Ramirez-Portoreal,* 88 NY2d 99 [1996]). The defendant neither produced the vehicle registration, nor claimed that he was entitled to use the vehicle (*cf. People v Gonzalez,* 68 NY2d 950, 951 [1986]). The fact that the defendant possessed keys which fit the vehicle did not establish his right to drive or possess the vehicle, that he had a legitimate expectation of privacy in it, or that he had standing to dispute the validity of its search (*see People v Miller,* 298 AD2d 467 [2002]; *People v Vargas,* 140 AD2d 472, 473 [1988]; *see also United States v Sanchez,* 635 F2d 47 [1980]). Accordingly, the hearing court properly denied that branch of the defendant's motion which was to suppress the drugs and drug paraphernalia seized from the vehicle.

Furthermore, the arresting officer had probable cause to arrest the defendant (*see* CPL 140.10 [1] [b]; *People v Maldonado,* 86 NY2d 631, 635 [1995]). Therefore, the hearing court also properly denied that branch of the defendant's motion which was to suppress money taken from his person after his valid arrest.

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Rivera, J.P., Dillon, Balkin and Austin, JJ., concur.