■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD LACEY, Appellant. [887 NYS2d 158]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Calabrese, J.), rendered May 17, 2005, convicting him of burglary in the second degree (two counts) and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions, of the suppression of identification testimony, physical evidence, and the defendant's statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly declined to suppress identification testimony, physical evidence, and his statements to law enforcement officials. While under the New York State Constitution, in the absence of exigent circumstances, the installation and use of a global positioning system (hereinafter GPS) tracking device to monitor an individual's whereabouts requires a warrant supported by probable cause (*see People v Weaver,* 12 NY3d 433, 447 [2009]), reversal is not warranted in this case based on the failure of the

police to obtain a warrant before installing a GPS to a vehicle not owned by the defendant. "[A]s a matter of State constitutional law, a defendant seeking to challenge a search and seizure [cannot] rest upon the fact that the People [have] charged possession [of the automobile on which the GPS was placed], but [is] required to demonstrate a *personal* legitimate expectation of privacy in the [vehicle]" (*People v Wesley,* 73 NY2d 351, 357 [1989] [emphasis added]; *see People v Ponder,* 54 NY2d 160, 165 [1981]; *see also Rakas v Illinois,* 439 US 128, 143 [1978]). Generally, "[w]hether [a] defendant has a legitimate expectation of privacy [in the object of the search or seizure] is a substantively different and broader question than whether he . . . has a possessory interest in it. While [a] defendant's exercise of dominion and control over [the object of the search or seizure] may establish constructive possession of it, a legitimate expectation of privacy turns on consideration of all of the surrounding circumstances, including but not limited to defendant's possessory interest" (*People v Ramirez-Portoreal,* 88 NY2d 99, 109 [1996]; *see People v Rodriguez,* 69 NY2d 159, 163 [1987]; *see also United States v Salvucci,* 448 US 83, 91-92 [1980]).

Here, the defendant was required to establish the existence of a legitimate expectation of privacy in the subject vehicle either through his own evidence or by relying on evidence presented by the People (*see People v Whitfield,* 81 NY2d 904, 906 [1993]; *People v Gonzalez,* 68 NY2d 950, 951 [1986]; *People v Bell,* 9 AD3d 492, 494 [2004]). The hearing court properly determined that the defendant failed to do so. The defendant did not proffer any evidence at the hearing. Rather, the defendant relied on the People's evidence, which failed to establish a factual predicate to support his contention that he had a legitimate expectation of privacy in the subject vehicle (*see People v Ponder,* 54 NY2d at 165; *People v De Moss,* 106 AD2d 395 [1984]; *see also People v Rodriguez,* 69 NY2d 159, 164 [1987]). The evidence before the court at the time of the suppression hearing merely demonstrated that the subject vehicle, which had been identified by multiple eyewitnesses as to make, model, license plate number, and color, as the vehicle used in the commission of a series of burglaries beginning in July 2002, was registered to the defendant's girlfriend as of August 29 or 30, 2002, when the GPS was placed on the vehicle. The evidence presented at the hearing also showed that the defendant and his girlfriend got married between the time when the GPS was placed on the vehicle and the time when the subject burglaries took place approximately two weeks later.

Further, notably absent from the evidence presented at the

hearing was any testimony regarding the defendant's use of the subject vehicle at any time other than during the commission of the subject burglaries (see People v Rodriguez, 69 NY2d at 162; People v Di Lucchio, 115 AD2d 555, 557 [1985]; cf. People v Hernandez, 218 AD2d 167, 170 [1996]; Rakas v Illinois, 439 US at 141 n 9). Indeed, a detective testified that approximately one week prior to the subject burglaries, he observed the defendant driving a different vehicle to the home of the registered owner of the subject vehicle. Similarly absent was any evidence that the defendant took precautions to maintain privacy in the subject vehicle or that he had the right to exclude others therefrom (see People v Rodriguez, 69 NY2d at 162; People v York, 304 AD2d 681 [2003]; People v Cacioppo, 104 AD2d 559, 560 [1984]; see also Rakas v Illinois, 439 US at 143 n 12). Accordingly, in view of the paucity of evidence, the defendant failed to meet his burden of establishing standing by demonstrating a legitimate expectation of privacy in the subject vehicle (see People v Ramirez-Portoreal, 88 NY2d at 108; People v Whitfield, 81 NY2d at 906; People v Rodriguez, 69 NY2d at 163; People v Brown, 190 AD2d 1003, 1004 [1993]).

The defendant also contends that he was denied the effective assistance of counsel because his hearing counsel failed to proffer any evidence on the standing issue based on counsel's mistaken belief that the People had conceded that issue. However, the defendant's contention is belied by the record, as his hearing counsel's extensive cross-examination of the People's witnesses expressly addressed the defendant's Fourth Amendment rights. The mere fact that counsel's strategy not to call a witness at the hearing regarding the defendant's use of the subject vehicle ultimately proved unsuccessful does not amount to ineffective assistance of counsel (see People v Baldi, 54 NY2d 137, 146-147 [1981]; People v Crevelle, 122 AD2d 153 [1986]). Moreover, under the totality of the circumstances presented in this record, we cannot say that the defendant was denied the effective assistance of counsel under either the Federal or State Constitution (see Strickland v Washington, 466 US 668 [1984]; People v Baldi, 54 NY2d at 147).

The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Skelos, J.P., Santucci, Belen and Chambers, JJ., concur.