THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACKSON JORDAN, Appellant. [931 NYS2d 223]—

The totality of the voir dire record demonstrates that defendant made a valid waiver of his right to be present at sidebar discussions with prospective jurors (*see People v Antommarchi*, 80 NY2d 247 [1992]).

In any event, defendant could not have been prejudiced by his absence from the four sidebar conferences at issue, because in each instance he could not have made a meaningful contribution (*see People v Roman*, 88 NY2d 18, 26-27 [1996]). Three of the panelists were effectively disqualified by the court for cause as a result of their expressed concern that they could not be impartial (*see People v Garcia*, 265 AD2d 171 [1999], *lv denied* 94 NY2d 862 [1999]).

The remaining panelist became a sworn juror, but was replaced by an alternate prior to deliberations. Concur—Tom, J.P., Andrias, Catterson, Acosta and Renwick, JJ.