# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**409**
**KA 11-00487**
PRESENT: SMITH, J.P., VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

MATTHEW M. CARSON, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered August 26, 2010. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]). The People established at trial that the victim and a friend were standing near the victim's residence when defendant approached them. Defendant and the victim had a heated verbal exchange that resulted in defendant pulling a gun on the victim. Defendant then left the area, but he reappeared a few minutes later and fired three shots, one of which struck and killed the victim. Both altercations were observed by two eyewitnesses at the YMCA located across the street from the victim's residence. The altercations were also recorded by a video camera located outside a store that had a view of the YMCA and the sidewalk in front of the victim's residence. Viewing the evidence at trial in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Contrary to defendant's contention, any discrepancies between defendant's appearance and the eyewitness testimony at trial presented mere credibility issues for the jury (*see People v Wilkins*, 75 AD3d 847, 848, *lv denied* 15 NY3d 857; *People v Smith*, 267 AD2d 407, 408). We conclude that "this is not an appropriate case [for this Court] to substitute [its] reliability determinations for those of the jury" (*People v Davis*, 115 AD3d 1167, 1168, *lv denied* 23 NY3d 1019).

Defendant failed to preserve for our review his contention that the photo array procedure was unduly suggestive because his photo presented a substantially narrower face than the other individuals displayed in the array inasmuch as he did not make that argument at the *Wade* hearing (*see People v Barkerx*, 114 AD3d 1244, 1247-1248, *lv denied* 22 NY3d 1196; *People v Bell*, 19 AD3d 1074, 1075, *lv denied* 5 NY3d 803, *reconsideration denied* 5 NY3d 850). We similarly conclude that defendant failed to preserve for our review his contention that the prospective jurors were not given the requisite oath pursuant to CPL 270.15 (1) (a) (*see People v Gaston*, 104 AD3d 1206, 1207, *lv denied* 22 NY3d 1156; *People v Schrock*, 73 AD3d 1429, 1432, *lv denied* 15 NY3d 855). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We also conclude that defendant "knowingly, intelligently and voluntarily waived his right to be present at sidebar conferences, as evidenced by the written waiver signed by defendant, defense counsel, and [Supreme C]ourt" (*People v Conway*, 277 AD2d 1020, 1020, *lv denied* 96 NY2d 782; *see People v Jones*, 111 AD3d 1148, 1149-1150, *lv denied* 23 NY3d 1063, 24 NY3d 1044), and we thus reject his contention that his exclusion from a sidebar conference requires reversal. In any event, that contention is without merit because there can be no violation of defendant's right to be present where, as here, a prospective juror was excused for cause by the court (*see People v Maher*, 89 NY2d 318, 325; *People v Jordan*, 88 AD3d 580, 580, *lv denied* 18 NY3d 884; *cf. People v Davidson*, 89 NY2d 881, 882-883). Finally, we reject defendant's contention that he received ineffective assistance of counsel. Viewing the evidence, the law, and the circumstances of the case, in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Entered:  March 27, 2015                          Frances E. Cafarell
                                                 Clerk of the Court