# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

443

KA 13-02199

PRESENT: WHALEN, P.J., CARNI, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ALEXANDER S. VANVLEET, DEFENDANT-APPELLANT.

---

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Steuben County Court (Peter C. Bradstreet, J.), rendered June 4, 2013. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree, robbery in the first degree, robbery in the second degree (two counts), grand larceny in the fourth degree and petit larceny.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Steuben County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, burglary in the first degree (Penal Law § 140.30 [4]), robbery in the first degree (§ 160.15 [4]), and two counts of robbery in the second degree (§ 160.10 [1], [3]). Defendant's contention that he was denied effective assistance of counsel does not survive his guilty plea because he failed to demonstrate that " 'the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [defense counsel's] allegedly poor performance' " (*People v Lucieer*, 107 AD3d 1611, 1612; *see People v Russell*, 55 AD3d 1314, 1314, *lv denied* 11 NY3d 930). Indeed, we note that the record establishes that defendant was motivated by, among other things, the People's promise not to prosecute a family member for hindering prosecution. We reject defendant's contention that his statement to the police was elicited in violation of his right to counsel. "Where, as here, the right to counsel is alleged to have arisen solely due to the commencement of formal proceedings on another pending charge, the police may question a suspect on an unrelated new matter in the absence of counsel" (*People v Brinson*, 28 AD3d 1189, 1189-1190, *lv denied* 7 NY3d 810).

Contrary to defendant's further contention, "the fact that a witness viewed the photo array while a second witness was in the room did not taint the witness's identification of defendant's photograph in the photo array" (*People v Rodriguez*, 17 AD3d 1127, 1129, *lv denied* 5 NY3d 768). There is no evidence in the record that the second witness participated in the identification procedure or influenced the identification of defendant by the first witness. Defendant failed to preserve for our review his additional contentions that the photo array procedure was unduly suggestive (*see People v Carson*, 126 AD3d 1537, 1538, *lv denied* 26 NY3d 927). In any event, those contentions are without merit. Although the witness was shown the photo array on two occasions within four days, it is well settled that " '[m]ultiple photo identification procedures are not inherently suggestive' " (*People v Dickerson*, 66 AD3d 1371, 1372, *lv denied* 13 NY3d 859). Further, the statement of the police investigator to the witness prior to the second identification procedure that there was a possible suspect in custody did not render the procedure unduly suggestive (*see generally People v Floyd*, 45 AD3d 1457, 1459, *lv denied* 10 NY3d 811).

Defendant failed to preserve for our review his contention that County Court erred in imposing restitution because restitution was not part of the plea agreement (*see* CPL 470.05 [2]). We nevertheless exercise our power to review that contention as a matter of discretion in the interest of justice (*see People v Ponder*, 42 AD3d 880, 882, *lv denied* 9 NY3d 925), and we conclude that the court should have "afforded defendant the opportunity to withdraw his plea before ordering him to pay restitution" (*id.; see People v Wilson*, 125 AD3d 1303, 1303; *People v Rhodes*, 91 AD3d 1280, 1281). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court to impose the promised sentence or to afford defendant the opportunity to withdraw his plea. Finally, we reject defendant's contention that the bargained-for sentence is unduly harsh and severe.

Entered: June 10, 2016                                    Frances E. Cafarell
                                                          Clerk of the Court