# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1293**
**KA 13-01485**
PRESENT: WHALEN, P.J., CENTRA, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

ANGEL GUZMAN, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

JAMES S. KERNAN, PUBLIC DEFENDER, LYONS, THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

RICHARD M. HEALY, DISTRICT ATTORNEY, LYONS (BRUCE A. ROSEKRANS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Wayne County Court (Daniel G. Barrett, J.), rendered January 26, 2012. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree and petit larceny (three counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a plea of guilty of, inter alia, burglary in the second degree (Penal Law § 140.25 [2]). In appeal No. 2, defendant appeals from a judgment convicting him upon a plea of guilty of four counts of burglary in the second degree (§ 140.25 [2]). In both appeals, defendant contends that he has standing to challenge the placement of GPS devices on two vehicles owned by and registered to his girlfriend, and that the warrants and extensions authorizing the placement of the devices were issued without probable cause.

County Court properly determined that defendant lacked standing because he failed to establish the existence of a legitimate expectation of privacy in the subject vehicles (*see People v Cooper*, 128 AD3d 1431, 1433, *lv denied* 26 NY3d 966; *People v Lacey*, 66 AD3d 704, 705, *lv denied* 14 NY3d 772). Here, as in *Lacey*, the evidence at the suppression hearing established that the vehicles were owned by and registered to defendant's girlfriend, and there was no "evidence that . . . defendant took precautions to maintain privacy in the subject vehicle[s] or that he had the right to exclude others therefrom" (*Lacey*, 66 AD3d at 706; *see People v Di Lucchio*, 115 AD2d 555, 556-557, *lv denied* 67 NY2d 942). Moreover, although an investigator testified that he saw defendant driving one of the

subject vehicles on two occasions, that evidence "is insufficient to meet defendant's burden of establishing a reasonable expectation of privacy in the vehicle" (*People v Rivera*, 83 AD3d 1370, 1372, *lv denied* 17 NY3d 904). Based on our determination that defendant lacked standing to challenge the placement of the GPS devices on the vehicles, we do not address defendant's remaining contentions concerning the placement of the devices on the vehicles.

We reject defendant's further contention in appeal No. 2 that the court erred in refusing to suppress statements that he made to the police because they were obtained in violation of his right to counsel. First, defendant contends that his right to counsel was violated when the police unlawfully delayed his arraignment for the purpose of obtaining a statement in the absence of counsel. That contention lacks merit. Defendant's right to counsel had not attached inasmuch as he had not requested an attorney and formal proceedings had not begun with respect to the charges underlying appeal No. 2 (*see People v Ramos*, 99 NY2d 27, 34), and it is well settled that "a delay in arraignment for the purpose of further police questioning does not establish a deprivation of the State constitutional right to counsel" (*id.* at 37). Second, defendant contends that his right to counsel had attached with respect to the charges underlying appeal No. 2 because the charges underlying appeal Nos. 1 and 2 were all related, and his right to counsel had indisputably attached with respect to the burglary at issue in appeal No. 1. Although defendant is correct that his right to counsel had attached with respect to the charges underlying appeal No. 1 inasmuch as the indictment on those charges was filed before defendant was questioned by law enforcement officials (*see generally People v Kazmarick*, 52 NY2d 322, 324; *People v Brinson*, 28 AD3d 1189, 1189-1190, *lv denied* 7 NY3d 810), we conclude that the law enforcement officials were not prohibited from questioning defendant in the absence of counsel with respect to the charges in appeal No. 2. Defendant was not represented by counsel with respect to the charges underlying appeal No. 1, and the charges underlying each appeal are unrelated because they arose from separate burglaries occurring at different dwellings (*see People v Hooks*, 71 AD3d 1184, 1185; *People v Brown*, 216 AD2d 670, 672, *lv denied* 86 NY2d 791; *People v Ferringer*, 120 AD2d 101, 107).

Entered:  February 3, 2017                          Frances E. Cafarell
                                                    Clerk of the Court