People v Coad (2023 NY Slip Op 02793)

People v Coad

2023 NY Slip Op 02793

Decided on May 24, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2019-06958
 (Ind. No. 1305/18)

[*1]The People of the State of New York, respondent,
v
Darryl Coad, appellant.

Kristina S. Heuser, Locust Valley, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Jason R. Richards and David L. Glovin of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert A. McDonald, J.), rendered June 7, 2019, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review, the denial, after a hearing (Angelo A. Delligatti, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
On October 2, 2017, police officers observed the defendant and another person seated inside of a vehicle exchange what appeared to be glassine envelopes containing drugs for an amount of United States currency. When the officers announced themselves, one of the officers observed the other person place the glassine envelopes that he had received from the defendant on the side of the passenger seat of the vehicle. Upon searching the vehicle, that officer recovered, among other things, five glassine envelopes of heroin from the side of the passenger seat. Upon searching the defendant, the officer recovered, among other things, 13 glassine envelopes containing heroin and a sum of United States currency. Following a hearing, the Supreme Court, among other things, denied that branch of the defendant's omnibus motion which was to suppress the physical evidence recovered from the vehicle, determining that the defendant failed to establish his standing to challenge the search of the vehicle, and, in any event, that the search was justified under the automobile exception to the warrant requirement.
"In general, a defendant seeking to suppress evidence on the basis that it was obtained by means of an illegal search must allege standing to challenge the search and, if the allegation is disputed, must establish standing" (People v Carter, 86 NY2d 721, 722-723; see People v Scully, 14 NY3d 861, 864; People v Ramirez-Portoreal, 88 NY2d 99, 109). Here, the defendant failed to demonstrate that he had a legitimate expectation of privacy in the vehicle searched. Thus, the Supreme Court properly determined that the defendant failed to establish standing to seek suppression of the drugs found in the vehicle (see People v Sanchez, 64 AD3d 618, 619; People v Miller, 298 AD2d 467; People v Collier, 107 AD2d 754, 756). Moreover, even if the defendant had [*2]standing, he does not challenge on appeal the court's alternate determination that the search was lawful under the automobile exception to the warrant requirement (see People v Blasich, 73 NY2d 673, 678-681).
The defendant's contention that the convictions of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree were not supported by the weight of the evidence is without merit. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt on those counts was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
BRATHWAITE NELSON, J.P., MILLER, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court