People v Ampadu (2023 NY Slip Op 05510)

People v Ampadu

2023 NY Slip Op 05510

Decided on November 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2019-10582
 (Ind. No. 2158/17)

[*1]The People of the State of New York, respondent,
v
Calvin K. Ampadu, appellant.

Patricia Pazner, New York, NY (Alice R. B. Cullina of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Andrew Z. Wu of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Marcia P. Hirsch, J.), rendered August 20, 2019, convicting him of criminal possession of a forged instrument in the second degree and criminal possession of a forged instrument in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Steven Paynter, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the imposition of mandatory surcharges and fees; as so modified, the judgment is affirmed.
On June 26, 2017, a police officer observed the defendant driving a vehicle at a high rate of speed and proceed through a red light. The police officer stopped the vehicle and recovered from the rear passenger seat a bag containing, inter alia, an alleged credit card reader and a number of debit cards, including several blank cards. The defendant was arrested and charged with, among other things, criminal possession of a forged instrument in the second degree. The defendant moved, inter alia, to suppress the physical evidence recovered from the vehicle. After a hearing, the Supreme Court denied that branch of the defendant's omnibus motion which was to suppress physical evidence, concluding, among other things, that he lacked standing to challenge the search of the vehicle. The defendant appeals.
"In general, a defendant seeking to suppress evidence, on the basis that it was obtained by means of an illegal search, must allege standing to challenge the search and, if the allegation is disputed, must establish standing" (People v Carter, 86 NY2d 721, 722-723; see People v Coad, 216 AD3d 1108, 1109). "Standing to challenge a search is not established by asserting a possessory interest in the goods seized—defendant must assert a privacy interest in the place or item searched" (People v Ramirez-Portoreal, 88 NY2d 99, 108). The "burden is satisfied if the accused subjectively manifested an expectation of privacy with respect to the location or the item searched that society recognizes to be objectively reasonable under the circumstances" (People v Rice, 204 AD3d 834, 836 [internal quotation marks omitted]; see generally Byrd v United States, ___ US ___, [*2]____, 138 S Ct 1518, 1527). "There is no requirement that a defendant testify in order to sustain his burden of proving standing, and evidence elicited during the People's direct case may be cited in support of a defendant's standing claim" (People v Gonzalez, 68 NY2d 950, 951 [citation omitted]; see People v Lacey, 66 AD3d 704, 705).
Here, the defendant failed to meet his burden to establish his standing to challenge the lawfulness of the search of the subject vehicle. The defendant's described relationship to the vehicle was limited to the testimony of the sole witness at the suppression hearing, the police officer who briefly observed the defendant driving the vehicle immediately before the defendant was stopped and arrested. Although the defendant produced a driver license after the stop, notably absent from the hearing was any evidence demonstrating who owned the vehicle or whether the defendant had permission to drive it. Moreover, the police officer stated that the vehicle was unregistered. This Court has repeatedly held that "[t]he [mere] fact that the defendant possessed keys [that] fit the vehicle did not establish his right to drive or possess the vehicle, that he had a legitimate expectation of privacy in it, or that he had standing to dispute the validity of its search" (People v Sanchez, 64 AD3d 618, 619, citing People v Miller, 298 AD2d 467). Similarly, the defendant's mere presence inside of the vehicle or his isolated use of the vehicle before he was arrested were insufficient to establish his standing to challenge the search (see People v Coad, 216 AD3d at 1109; People v Lacey, 66 AD3d at 706; cf. People v Gonzalez, 68 NY2d at 951; People v Dessasau, 168 AD3d 969, 970). Therefore, the Supreme Court correctly denied that branch of the defendant's omnibus motion which was to suppress physical evidence on the basis of his lack of standing.
The defendant's contention that the hearing judge improperly questioned the People's witness and, in effect, acted as an advocate on behalf of the People is unpreserved for appellate review (see generally CPL 470.05[2]; People v Stewart, 216 AD3d 1005, 1006) and, in any event, without merit (see generally People v Cook, 34 NY3d 412, 422; People v Marcial, 211 AD3d 98, 104).
However, in the interest of justice, we modify the judgment by vacating the surcharge and fees imposed on the defendant at sentencing (see CPL 420.35[2-a][c]; People v Rosales, 198 AD3d 988, 989).
In light of our determination, we need not reach the parties' remaining contentions.
IANNACCI, J.P., GENOVESI, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court